# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ADAM CHASTEEN,

       Petitioner,

       -vs-

WARDEN, Madison Correctional
 Institution,

       Respondent.

:

:

:

Case No. 1:10-cv-804

District Judge S. Arthur Spiegel
Magistrate Judge Michael R. Merz

## DECISION AND ORDER DENYING SECOND MOTION TO EXPAND THE RECORD

This case is before the Court on Petitioner's second Motion for Leave to Supplement the Record (Doc. No. 27) and the Warden's Response in Opposition (Doc. No. 30).

Petitioner seeks to expand the record to add witness statements from Lindsey Leonard, Amber Lakes, and Corey Appel (Exhibits A, B, C, and D), an investigative report by a detective who investigated the offense (Exhibit E), and a medical examination report prepared by his family physician, Dr. Stan Scheidler (Exhibit F).

Petitioner asserts that these are "materials contained in the state court record but which are not included in the record before this Court." (Motion, Doc. No. 27, PageID 487.) He nevertheless refers to these items as "newly-discovered evidence." *Id.* at 488. He claims these materials are relevant to prove insufficiency of the evidence, ineffective assistance of trial and appellate counsel, and prosecutorial misconduct. *Id.*

He admits that Leonard's witness statement was available to his trial attorney, but says the

statement was not in his attorney's file. *Id.* at 490. He wants this Court to weigh these witness statements against the trial and preliminary hearing transcripts on the three issues of sufficiency of the evidence, ineffective assistance of counsel, and prosecutorial misconduct.

When an issue of constitutional law has been presented to the state courts and is later raised in habeas corpus, the federal court must defer to the state court decision unless it is contrary to or an objectively unreasonable application of clearly established United States Supreme Court precedent. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 792 (2011); *Brown v. Payton,* 544 U.S. 133, 134 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362 (2000). In deciding this § 2254(d)(1) question, the federal court is limited to considering the evidence before the state courts. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1400-01, 179 L. Ed. 2d 557 (2011). Because this evidence plainly was not before the state courts when they decided Petitioner's case, the evidence cannot be admitted here, at least until the Court decides the § 2254(d)(1) question.

Furthermore, there is a serious question whether Petitioner was diligent in obtaining this information. *Sheppard v. Bagley*, ___ F.3d ___, 2011 U.S. App. LEXIS 18883, *7-8 (6th Cir. Sept. 13, 2011). He asserts his fiancee just obtained it from the Butler County Prosecutor under a "Freedom of Information Act" request,[1] but he does not explain why it was not obtained in 2008 before he filed his petition for post-conviction relief.

---

[1] Since state officials are not subject to the Freedom of Information Act, Petitioner is presumably referring to a Public Records Act request under Ohio law.

Petitioner's second Motion to Supplement the Record is denied.

November 9, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge