# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ADAM CHASTEEN,

                     :

         Petitioner,                     Case No. 1:10-cv-804

                     :         District Judge S. Arthur Spiegel
     -vs-                           Magistrate Judge Michael R. Merz

WARDEN, Madison Correctional
  Institution,

                     :

         Respondent.

---

# REPORT AND RECOMMENDATIONS

---

This is a habeas corpus case brought *pro se* by Petitioner Adam Chasteen under 28 U.S.C.

§ 2254.  Chasteen was convicted in a bench trial in the Butler County Common Pleas Court on one

count of kidnapping, one count of witness intimidation, and one count of assault.  He was sentenced

to an aggregate term of imprisonment of five years, from which he seeks release

The Butler County Court of Appeals summarized the evidence at trial as follows:

> [*P3]  According to the record, at approximately 12:30 a.m., Leonard
> and her cousin, Amber Lakes, were watching a movie at Lakes'
> house in Hamilton. Leonard testified that she had been living with
> Lakes since her relationship with appellant ended in January of 2007.
> According to witness testimony at trial, Leonard and appellant had a
> turbulent relationship, and their subsequent break up was on less than
> amicable terms.
>
> [*P4]  Leonard testified that while watching the movie, she and
> Lakes observed the headlights of a car pulling up to the front of the
> house. Leonard opened the front door and saw appellant standing
> outside. When appellant attempted to come inside, Leonard asked
> him to stay on the front porch because Lakes did not want him in her

house. Leonard joined appellant on the front porch. She testified that she did not know appellant was coming over and did not invite him to the house.

[*P5]  According to Leonard, appellant appeared to be intoxicated and was upset. He accused her of "making a fool out of him" by taking another male companion into his father's bar. Leonard testified that before she had a chance to respond, appellant hit her, and her head "bounced off" the front porch railing. She contends that appellant then grabbed her by the hair and started hitting her.

[*P6]  Lakes testified that she came outside after hearing raised voices and a "thump." She attempted to intervene and told appellant to stop hitting Leonard. According to Lakes, appellant hit her in the face with an open hand, knocking her to the ground. He then pulled out a knife and threatened to kill both women if she did not leave. Lakes ran off the porch and called 911.

[*P7]  After Lakes left, appellant held the knife to Leonard's neck, and told her to stop screaming or he was going to "knock [her] teeth down [her] throat." Appellant told Leonard that he thought the police would be arriving shortly, and that she needed to decide whether she wanted to "live or die." Appellant told her if she wanted to live, she had to go with him in his car. Leonard asked appellant to promise her that if she went with him, she would get to see her family again. According to Leonard, appellant replied, "I'm not promising you shit. I'm telling you that if you leave right now then you live. If you don't[,] then you die." Leonard testified to being "scared to death" when she got into appellant's car.

[*P8]  Leonard contended that during the approximate ten minute car ride to his house, appellant was driving at a very high rate of speed, and had the knife in his lap. Leonard stated that she thought he was going to kill them both, and that appellant was screaming at her and accused her of burglarizing his house.

[*P9]  Once they arrived at his house, appellant was walking around holding the knife, and continued his accusations that Leonard had committed the alleged burglary. Two Hamilton police officers arrived shortly thereafter and arrested appellant. One officer testified that he observed Leonard sitting on a couch in the living room. He stated that Leonard appeared to be terrified and was "awe struck" and crying.

[*P10]  After appellant was released from jail on bond, Leonard

went to Maine to stay with friends. She testified that on June 4, 2007, appellant called her from his friend's telephone. Appellant told her they needed to talk about the criminal charges against him, and that she "better make it right." Appellant also told her that if she wanted "everything to be fine," she would tell the authorities that he did not kidnap her. Leonard told appellant that she was not going to lie for him, and that she was no longer in Ohio. According to Leonard, appellant responded that it did not matter if "he couldn't get to me, he would get to my cousin." Leonard testified that appellant tended to follow through with his threats, and she told him she would say whatever he wanted her to say because she did not want him to harm her or a member of her family.

*State v. Chasteen*, 2009 Ohio 1163, 2009 Ohio App. LEXIS 1010 (12th Dist. Mar. 16, 2009).

In his Petition, Chasteen pleads the following Grounds for Relief:

**Ground One:**  Petitioner was convicted in violation of his Fifth Amendment Right against Double Jeopardy.

**Supporting Facts:**  A defendant cannot satisfy both section (A) of kidnapping under R.C. § 2905.01 and also subsection (3) of his purpose being to terrorize the alleged victim by using only the threat of force in the initial act of moving the victim and by doing nothing further to overtly induce fear or to cause physical harm to the alleged victim. The Trial Court erred by suing [sic] the predicate act of using the threat of force to satisfy the secondary requisite element of kidnapping, subsection(3), of "to terrorize ••• " which resulted in double counting and thus violates Petitioner's right to be free from Double Jeopardy.

**Ground Two:** Petitioner was convicted in violation of his Sixth Amendment Right.

**Supporting Facts:**  The Trial Court committed reversible error by allowing the State to use inadmissible "Other Acts Evidence" against Petitioner at trial in the form of voice mail and text messages, in violation of Evidence Rule 404(B) of the Ohio Revised Code, which violates Due Process of Law and Petitioner's right to a Fair Trial under the Constitution.

**Ground Three:**  Petitioner was convicted in violation of his Sixth Amendment Right.

**Supporting Facts:** Petitioner was convicted in violation of the Sixth Amendment when Trial Counsel committed numerous instances of Ineffective Assistance of Counsel, including:(1)Counsel failed to crossexamine witnesses against Petitioner at trial;(2)Counsel failed to Motion to Suppress inadmissible Other Acts Evidence;(3)Counsel failed to correct his failing trial strategy once recognition was clearly established; (4)Counsel abdicated Petitioner's right to remain silent by admitting his guilt of other acts and offences;(5)Counsel failed to Motion for Mistrial, an Acquittal, or a New Trial once recognition was established that the State did not meet thier [sic] burden of proof beyond a reasonable doubt to prove the crime of kidnapping.

**Ground Four:** Petitioner was convicted in violation of his Sixth Amendment Right.

**Supporting Facts:** Petitioner was convicted in violation of his Sixth Amendment right when Appellate Counsel on Direct Appeal was Ineffective by failing to raise pertinent Error Assignments that were apparent from the record, including:(1)Every instance of the Ineffective Assistance of Trail [sic] Counsel as cited in Ground Three, and incorporating herein by reference; (2)The Manifest Weight of the Evidence is against both felony convictions; (3)The Cumulative Errors in Petitioner's case deprived him of a Fair Trial, thus violating the Due Process Clause of the Constitution.

**Ground Five:** The evidence in this case was insufficient beyond a reasonable doubt to sustain the conviction for both felony charges, which violates the Due Process Clause of the United States Constitution.

**Supporting Facts:** The state did not meet the burden of proof necessary to prove kidnapping in that Petitioner's purpose was to terrorize the alleged victim under R.C.§ 2905.01(A)(3), whereat the State preyed on and exploited Trial Counsel's Ineffectiveness in cross-examining witnesses, his failure to make necessary Motions which facilitated their inappropriate use of other acts evidence, and that the weight of evidence even in a light most favorable to the prosecution still does not prove beyond a reasonable doubt that Petitoner [sic] knowingly and deliberately sought to terrorize the alleged victim nor did the State prove the requiste [sic] elements necessary to prove that Petitioner committed Intimidation of a Witness under R.C. § 2921.04(B).

**Ground Six:** The Manifest Weight of the Evidence was Insufficient

-4-

to sustain the Trial Court's verdict of guilty for both felony charges, which violates the Due Process Clause of the United States Constitution.

**Supporting Facts:** When the convictions are against the Manifest Weight of the Evidence, the convictions cannot stand and said convictions violate the Petitioner's right to Due Process of Law. The reviewing Courts' decision offends the United States Constitution and Ohio's Constitution by affirming a conviction(s) that did not contain the requisite elements of the charges listed within the indictment, and this disregard for Constitutional application is bad case precedent which needs this Court's correction.

(Petition, Doc. No. 1, PageID 6-13.)

On Order of Magistrate Judge Litkovitz, to whom this case was initially referred, the Warden filed an Answer/Return of Writ (Doc. No. 9). Chasteen then filed a reply/traverse (Doc. No. 12). Chasteen then moved to amend his Petition to correct the wording of several grounds for relief (Doc. No. 14). The Court granted the Motion (Notation Order of October 3, 2011) and the Amended Petition was filed, changing the claims as follows:

**Ground Two:** Petitioner was convicted in violation of his Fifth and Fourteenth Amendment Rights Against Due Process and Equal Protection of Law.

**Supporting Facts:** The trial court committed reversible error by allowing the State to use inadmissible "Other Acts" evidence, in the form of voice mail and text messages predating the offense and that which did not validate the date and times of each message, against Petitioner at trial, in violation of Evidence Rule 404(B) of the Ohio Revised Code, which violates Due Process of Law and the Equal Protection of Law under the Federal Constitution.

**Ground Five:** The evidence in this case was insufficient beyond a reasonable doubt to sustain the conviction for both felony charges listed within the indictment, which violates Petitioner's Fifth and Fourteenth Amendment Rights against Due Process of Law and the Equal Protection of Law.

**Supporting Facts:** The State did not meet their burden of proof

-5-

necessary to prove Kidnapping in that Petitioner's purpose was to terrorize the alleged victim under O.RC. § 2905.01 (A)(3), whereat the State exploited Trial Counsel's ineffectiveness and that the weight of the evidence presented at trial. even in a light most favorable to the prosecution, still does not prove beyond a reasonable doubt that Petitioner knowingly and deliberately intended to terrorize the alleged victim, nor did the State prove the requisite elements necessary to prove guilt of the offense of Intimidation of a Witness under O.R.C. § 2921.04 (B).

**Ground Six:**  The manifest weight of the evidence in this case was insufficient beyond a reasonable doubt to sustain the conviction for both felony charges listed within the indictment, which violates Petitioner's Fifth and Fourteenth Amendment Rights against Due Process of Law and the Equal Protection of Law.

**Supporting Facts:**  When the convictions are against the manifest weight of the evidence presented in Petitioner's trial, the convictions violate Petitioner's right to Due Process of Law and the Equal Protection of Law. The state court's affirmation of Petitioner's conviction offends the Federal Constitution in that the requisite elements of each offense listed within the indictment were not satisfied by the weight of the evidence presented by the State, and this disregard for Federal Constitutional application is bad case precedent which needs this Court's correction.

(Amended Petition, Doc. No. 20, PageID 444-445.)   Chasteen assures the Court "[t]hese amendments to the grounds listed within the instant motion do not alter the discussions briefed in Petitioner's traverse (Doc. # 12) in any way and are only intended to ensure that Petitioner has presented actionable claims before the Court." *Id.* at 445.

Although the Warden was granted leave to file an Answer to the Amended Petition (Doc. No. 29), he has filed no additional argument, but only additional parts of the record (Doc. Nos. 38, 39, 45) and Petitioner has filed a supplemental Reply (Doc. No. 55).  Although there are a number of pending objections and appeals by Petitioner from magistrate judge rulings, the case is otherwise ripe for decision.

-6-

**Analysis**

**Ground One**

In his First Ground for Relief, Petitioner claims his right to be free from being placed twice in jeopardy was violated when the trial court allowed the threat of force used to satisfy that element in Ohio Revised Code § 2905.01(A) to also be used to satisfy the "terrorize" element in Ohio Revised Code § 2905.01(A)(3).

The relevant Ohio statute, Ohio Revised Code § 2905.01, reads:

> (A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
>
> (1) To hold for ransom, or as a shield or hostage;
>
> (2) To facilitate the commission of any felony or flight thereafter;
>
> (3) To terrorize, or to inflict serious physical harm on the victim or another;
>
> (4) To engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against the victim's will;
>
> (5) To hinder, impede, or obstruct a function of government, or to force any action or concession on the part of governmental authority;
>
> (6) To hold in a condition of involuntary servitude.

Chasteen's argument in this Ground for Relief is that the trial court used the assault and threats to kill the victim to satisfy the use of force requirement in § 2905.01(A) and also to satisfy the purpose to terrorize element in (A)(3) and that this "double counting" violates the Double

Jeopardy Clause.

The Warden asserts this Ground for Relief is procedurally defaulted because it has "never been presented to any state court, as far as Respondent has been able to discover." (Return, Doc. No. 9, PageID 50). Petitioner replies he "clearly presented this claim to the appellate court and the Ohio Supreme Court (Respondent's Exhibit 18, pg. 6 [PageID 206]; Respondent's Exhibit 20 [sic; should be Exhibit 21], pg. 15, [PageID 232] respectively)." (Reply, Doc. No. 12, PageID 309).

The first of these references is to Chasteen's Application to Reopen his direct appeal. There he argued that his appellate attorney provided ineffective assistance by not pleading as an assignment of error the State's failure to prove beyond a reasonable doubt the "terrorize" element of Ohio Revised Code § 2905.01(A)(3). He argued that claim in terms of the lack of any testimony by the victim that he "would do anything to [her] after they were in His [sic] home. (Return of Writ, Ex. 18, PageID 205.) He admitted that there was testimony of threats to kill her before she got into his car which would "satisfy the act of actually Kidnapping [sic] the alleged victim, and should never be considered acts to Terrorize." *Id.* The only place Double Jeopardy is mentioned is in the concluding paragraph:

> Wherefore, this Honorable Court must vacate the kidnapping conviction, find that there was insufficient evidence to sustain that charge and find that the Trial Court used the predicate act of kidnapping the alleged victim with threats, to satify [sic] the second element of for purpose to terrorize, which resulted in Double Counting. See Williams v. Taylor, 120 S. Ct. 1495, 529 U.S. 362, 146 L. Ed. 2d 389 (2000), and violate the Defendant-Appellant's right to be free from Double Jeopardy pursuant to Brown v. Ohio, 432 U.S. 161, 53 L. Ed. 2d 187, 97 S. Ct. 2221 (1977).

*Id.* at PageID 206.

Petitioner's second reference is to his Memorandum in Support of Jurisdiction on appeal to

the Ohio Supreme Court from denial of his Application to Reopen where he repeats verbatim the same language just quoted from that Application. (See PageID 232.)

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506 (6th Cir. 1993); *Riggins v. McMackin*, 935 F.2d 790 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

In denying the Application to Reopen, the Butler County Court of Appeals held:

> The insufficiency of evidence to support the kidnapping conviction was raised in the first assignment of error on direct appeal. *Res judicata* precludes consideration of an App. R. 26(B) application containing claims that were raised on direct appeal. *State v. Wogenstahl*, 83 Ohio St. 3d 516, 1998-Ohio-587.

*State v. Chasteen*, Case No. CA2007-12-308 (12th Dist. Aug. 19, 2009)(Return of Writ, Doc. No. 19, pageID 210-213). Thus the Court of Appeals believed it was dealing with an insufficient evidence claim, not a Double Jeopardy claim and indeed the assignment of error was phrased in terms of insufficient evidence, not "double counting" of the evidence.

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

-9-

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982);  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default.  *Eley v. Bagley*, 604 F.3d 958 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

-10-

> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,* 785 F.2d at 138.

At several points in his papers, Chasteen argues that failure to consider his claims on the merits would constitute a "fundamental miscarriage of justice." The Supreme Court has recognized that in some cases procedural default can be excused where a fundamental miscarriage of justice would otherwise be perpetuated, but it has limited that doctrine to cases where the habeas petitioner can show proof of actual innocence. The "miscarriage of justice" standard, which is sometimes used synonymously with "actual innocence," requires some showing of actual innocence. In other words, they are the same standard, not alternative ways of avoiding a procedural default. *Calderon v. Thompson,* 523 U.S. 538 (1998).

Chasteen has not established his actual innocence as that term is used in the habeas corpus jurisprudence. He admits guilt of the assault of which he was convicted and that the facts would be sufficient to convict him of the lesser included offense of abduction. He therefore cannot use the fundamental miscarriage of justice exception to the procedural default defense.

In addition to the fair presentation rule, Ohio does have a procedural rule precluding later consideration of claims which could have been presented on direct appeal, to wit, its criminal *res judicata* doctrine enunciated in *State v. Perry,* 10 Ohio St. 2d 175, 226 N.E. 2d 104 (1967). The Butler County Court of Appeals enforced that rule here, and indeed the Ohio courts have consistently enforced the rule. *State v. Cole*, 2 Ohio St. 3d 112, 443 N.E. 2d 169 (1982); *State v. Ishmail*, 67 Ohio St. 2d 16, 423 N.E. 2d 1068 (1981). The Sixth Circuit has repeatedly upheld the

*Perry* doctrine as an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F. 3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001).

Chasteen did not directly make a Double Jeopardy argument either on his direct appeal or on his Application to Reopen. In his Brief on direct appeal, there is no mention of any Double Jeopardy claim in the assignment of error respecting lack of evidence on the kidnapping count and no federal cases are cited (See Appellant's Brief, Return of Writ, Doc. No. 9, Ex. 9. PageID 72-88). Even in the Application to Reopen, Double Jeopardy is mentioned only as an aside to the basic claim of insufficient evidence. But even if the glancing reference to Double Jeopardy were considered fair presentation, it was presented too late in the Ohio criminal process.

The Magistrate Judge accordingly concludes the First Ground for Relief is barred by Petitioner's multiple procedural defaults in presenting it to the state courts.

Alternatively, the claim is without merit. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution[1] affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165(1977), *quoting North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). Petitioner has only been convicted and sentenced on one count of kidnapping and the completely separate charge of witness intimidation. Nothing in the Double Jeopardy jurisprudence

---

[1]The Double Jeopardy Clause of the Fifth Amendment was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784 (1969).

prohibits the "double counting" of which Chasteen complains. While state law could require proof of additional facts after an initial kidnapping to support a finding that the purpose of the kidnapping was to terrorize the victim, the Butler County Court of Appeals held there was sufficient evidence here to satisfy the requirement that the State prove Chasteen's purpose in kidnapping Leonard was to terrorize here. *State v. Chasteen*, 2009 Ohio 1163, 2009 Ohio App. LEXIS 1010 (12th Dist. Mar. 16, 2009). If the District Judge reaches the merits of Ground One, it should be dismissed on the merits.

### Ground Two

In his Second Ground for Relief (as restated in the Amended Petition), Chasteen claims that his rights to due process and equal protection were violated when the trial court admitted 'Other Acts' evidence, in the form of voice mail and text messages predating the offense and that which did not validate the date and times of each message, against Petitioner at trial, in violation of Evidence Rule 404(B) of the Ohio Revised Code..."

As with Ground One, the Respondent asserts this Ground for Relief is procedurally defaulted because it has never been presented to the state courts (Return of Writ, Doc. No. 9, PageID 50.)

Petitioner replies that he presented it to the Ohio Supreme Court on his appeal from denial of his Application to Reopen the Direct Appeal (Reply, Doc. No. 12, at PageID 309, citing Memorandum in Support of Jurisdiction, Return of Writ, Doc. No. 9, Ex. 21[2].) He does not claim

---

[2]As with Ground One, Petitioner cites to pages within his Memorandum, which is Exhibit 21, while referring to Exhibit 20, which is the one page Notice of Appeal to the Ohio Supreme Court from denial of the Application to Reopen.

that he presented it earlier.  In that Memorandum, he made only one general claim, to wit, that he had received ineffective assistance of appellate counsel, but with seven sub-claims, including appellate counsel's failure to

> raise the error assignment on Appeal that Trial Counsel filed [sic] to submit or make Motion to Suppress State's evidence in the form of voice mails and text messages.  And, thereby allowing normally inadmissible submissions in the guise of 'Other Acts Evidence' and speculatory hearsays to be used against Appellant at trial.

(Memorandum, Return of Writ, Doc. No. 9, Ex. 21, PageID 223.)  This is not one of the omitted assignments of error he presented to the Court of Appeals on his Application to Reopen.

Although Petitioner "asserts this claim is one of the most important grounds in the instant petition" (Reply, Doc. No. 12, at PageID 309), he does not offer any adequate excuse for his failure to present it earlier.  Even if the Ohio Supreme Court had accepted his appeal, it would not have considered this particular sub-claim because it is axiomatic that that court will not consider matters that have not been presented to the lower Ohio courts.  ¶ 2 of the syllabus in *State v. Williams,* 51 Ohio St. 2d 112, 364 N.E. 2d 1364 (1977)(*Toledo v. Reasonover*, 5 Ohio St.2d 22, 213 N.E.2d 179 (1965), approved and followed).  This explicitly includes constitutional questions.  *State v. Phillips,* 27 Ohio St. 2d 294, 272 N.E. 2d 347 (1971). This claim, which is evident on the face of the record, would have been found barred even if it had been presented in the Application to Reopen under the Ohio criminal *res judicata* doctrine discussed above.

Ground Two for Relief is barred by Petitioner's procedural default in presenting it to the state courts.

Alternatively, Ground Two is without merit[3].  At trial Petitioner's counsel objected that these messages were irrelevant to the charges before the court. (Trial Tr., Doc. No. 45-1, PageID 629.) The prosecutor responded that they went to the victim's state of mind when she was actually kidnapped.  *Id.*    The court ruled:

> The Court will permit them to come into evidence. Again for the record, this is a trial without a jury, so I think I have a little bit of latitude. Again, if I think they are not relevant or of little relevant value, Mr. Shanks, the Court can give them the weight which is appropriate.

*Id.*  at PageID 630.  After all the evidence was presented, the trial judge gave an oral decision in which he found Petitioner guilty.  *Id.*  at PageID 733-737.  He did not advert to having given any weight to these particular messages.

As the evidence at trial made clear, this was not a stranger kidnapping.  Instead, Petitioner and the victim had been boyfriend/girlfriend and the victim had left Petitioner.  The messages were not offered to show other bad acts to impugn Petitioner's character in general, as would have been true if, for example, they had been threatening calls to other persons or calls to a drug dealer. Instead, they showed the "progress" of the relationship over time so as to give credibility to the victim's claims of being frightened of what Petitioner might do to her.  Thus they were relevant to the specific crimes before the Court and not as an attempt to convict by "bad character" evidence.

Even if the calls had not been relevant, this was a trial to the bench.  Judges are presumed to be able to distinguish relevant from irrelevant material and to disregard the irrelevant. Inadmissible evidence is presumed to be ignored by a judge in a bench trial. *Harris v. Rivera*, 454

---

[3]The analysis offered here only relates to the Due Process branch of the claim.  Chasteen has nowhere explained how there could have been any Equal Protection violation and appears to have added those words as makeweight.

-15-

U.S. 339, 346 (1981)(per curiam); *Wickline v. Mitchell*, 319 F.3d 813, 823-24 (6th Cir. 2003). *See*

*also Smith v. Mitchell*, 348 F.3d 177 (6th Cir. 2003)(A three-judge panel in an Ohio death penalty

case may be presumed to ignore inflammatory argument and inadmissible evidence.)

Even if admitting this evidence violated Ohio R. Evid. 404 and Ohio Revised Code §

2945.59, that would not make the admission a violation of the Constitution. "There is no clearly

established Supreme Court precedent which holds that a state violates due process by permitting

propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell,* 329 F.3d 496, 512

(6th Cir. 2003). In a habeas corpus case, this Court can only consider claims under the Constitution,

not claims raising state evidence law errors. Evidentiary questions generally do not rise to the

constitutional level unless the error was so prejudicial as to deprive a defendant of a fair trial.

*Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir.1988); *Walker v. Engle,* 703 F.2d 959, 962 (6th Cir.

1983); *Bell v. Arn,* 536 F.2d 123 (6th Cir., 1976); *Burks v. Egeler*, 512 F.2d 221, 223 (6th Cir. 1975).

Where an evidentiary error is so egregious that it results in a denial of fundamental fairness, it may

violate due process and thus warrant habeas relief. *Bey v. Bagley*, 500 F.3d 514, 519-20 (6th Cir.

2007); *Bugh v. Mitchell,* 329 F.3d 496 (6th Cir. 2003), *citing Coleman v. Mitchell*, 244 F.3d 533, 542

(6th Cir. 2000). Courts have, however, defined the category of infractions that violate fundamental

fairness very narrowly. *Bugh, quoting Wright v. Dallman*, 999 F.2d 174, 178 (6th Cir. 1993)(*quoting*

*Dowling v. United States*, 493 U.S. 342, 352 (1990). "Generally, state-court evidentiary rulings

cannot rise to the level of due process violations unless they 'offend[] some principle of justice so

rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v.*

*Walker,* 224 F.3d 542, 552 (6th Cir. 2000), *quoting Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)).

The Supreme Court has defined very narrowly the category of infractions that violate fundamental

fairness. *Bey v. Bagley*, 500 F.3d 514 (6th Cir. 2007), *citing Dowling v. United States*, 493 U.S. 342, 352 (1990)(Identification from a trial which resulted in an acquittal could be introduced at second trial for similarities.)

Thus Chasteen's Second Ground for Relief should be dismissed as procedurally defaulted or, alternatively, as without merit.

<h3 align="center">Ground Three</h3>

In his Third Ground for Relief, Mr. Chasteen claims he received ineffective assistance of trial counsel in the following six particulars: "(1) Counsel failed to crossexamine witnesses against Petitioner at trial; (2) Counsel failed to Motion to Suppress inadmissible Other Acts Evidence; (3) Counsel failed to correct his failing trial strategy once recognition was clearly established; (4) Counsel abdicated Petitioner's right to remain silent by admitting his guilt of other acts and offences; (5) Counsel failed to Motion for Mistrial, an Acquittal, or a New Trial once recognition was established that the State did not meet thier [sic] burden of proof beyond a reasonable doubt to prove the crime of kidnapping."

Respondent asserts this Ground for Relief has been procedurally defaulted under the *Perry* criminal *res judicata* doctrine (Return of Writ, Doc. No. 9, PageID 50.) Petitioner responds that he did in fact raise this claim on his Application to Reopen his direct appeal (Reply, Doc. No. 12, PageID 310-311.) In other words, when he filed his App. R. 26(B) Application, he asserts that he raised as ineffective assistance of appellate counsel the failure of his trial counsel in these five instances. That is not accurate. In fact the only one of these five sub-claims Petitioner made in his

App. R. 26(B) Application was sub-claim four:

> The Defendant-Appellant was denied effective assistance of trial counsel when counsel admitted during opening and closing arguments that the Defendant-Appellant did commit abduction, and admitted that the Defendant-Appellant did not deny abducting the alleged victim, thus violating, or putting into question the Defendant-Appellant's right to remain silent guaranteed under the United States Fifth Amendment, the right to effective assistance of trial counsel is guaranteed under the Sixth Amendment to the United States Constitution, through the Fourteenth Amendment.

(Application, Return of Writ, Doc. No. 9, Ex. 18, PageID 202-203.)  Thus to the extent Petitioner asserts the ineffectiveness of his appellate counsel as cause for his failure to raise the other four sub-claims on direct appeal, he has also procedurally defaulted on that argument.  See *Edwards v. Carpenter,* 529 U.S. 446 (2000).

As to the claim actually made, the court of appeals found it was not ineffective assistance of appellate counsel to fail to claim ineffective assistance of trial counsel regarding the concession of guilt of abduction because that was a strategic decision and failure to challenge a trial attorney's strategic decision does not amount to ineffective assistance of appellate counsel.  *State v. Chasteen*, Case No.  CA2007-12-308 (12th Dist. Aug. 19, 2009)(Return of Writ, Doc. No. 9, Ex. 19, PageID 210-213).  In reaching that decision, it applied the most relevant United States Supreme Court precedent, *Strickland v. Washington,* 466 U.S. 668 (1984); and *Jones v. Barnes*, 463 U.S. 745 (1983).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770,

792 (2011); *Brown v. Payton,* 544 U.S. 133, 134 (2005); *Bell v. Cone,* 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362 (2000). Here the Butler County Court of Appeals decided the merits of the ineffective assistance of appellate counsel claims submitted to it and found no merit. That decision is not an objectively unreasonable application of *Strickland* or *Barnes*.

Therefore Petitioner's entire Third Ground for Relief is procedurally defaulted and should be dismissed.

## Ground Four

In his Fourth Ground for Relief, Petitioner claims he received ineffective assistance of appellate counsel with the following sub-claims "(1)Every instance of the Ineffective Assistance of Trail [sic] Counsel as cited in Ground Three, and incorporating herein by reference; (2)The Manifest Weight of the Evidence is against both felony convictions; (3)The Cumulative Errors in Petitioner's case deprived him of a Fair Trial, thus violating the Due Process Clause of the Constitution." (Petition, Doc. No. 1.)

The first sub-claim is without merit for the reasons given with respect to its treatment as allegedly excusing cause in Ground Three.

As to the second sub-claim, the manifest weight argument, the court of appeals held in its App. R. 26(B) decision, referring back to its opinion on direct appeal:

> Finally, given the evidence against appellant as reflected in this court's opinion, the failure to raise manifest weight of the evidence on the basis that the state's witnesses were inconsistent in their testimony does not create a colorable issue as to whether appellate counsel was ineffective.

-19-

*State v. Chasteen, supra,* at PageID 212.  This is another way of saying that, even if the manifest weight argument had been made to them, the court of appeals would not have been persuaded and it was therefore not ineffective assistance of appellate counsel to fail to make it.

The third ineffective assistance of appellate counsel sub-claim – failure to raise cumulative error as an assignment of error on direct appeal -- is procedurally defaulted because it was not presented to the Butler County Court of Appeals in the Application to Re-open.

## Ground Five

In his Fifth Ground for Relief, Petitioner asserts insufficient evidence was presented at trial to establish guilt beyond a reasonable doubt of either kidnapping or witness intimidation.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc).  In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt.  *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006);

*United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007).  This rule was adopted as a matter of Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991).  Of course, it is state law which determines the elements of offenses;  but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt.  *In re Winship, supra.*

When the state courts have decided a claim of insufficient evidence on the merits, the result is entitled to deference under Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009).  In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008).

-21-

## Kidnapping

As to the kidnapping, this claim was raised as the first assignment of error on direct appeal.

The court of appeals held:

[*P13]  Assignment of Error No. 1:

[*P14]  "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT CONVICTED HIM OF KIDNAPPING, INSTEAD OF ABDUCTION."

[*P15]  In his first assignment of error, appellant challenges the sufficiency of the evidence presented to the trial court to support his kidnapping conviction, and argues that only a conviction for abduction was supported by the evidence. This argument lacks merit.

[*P16] In reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would support a conviction. *State v. Wilson,* Warren App. No. CA2006-01-007, 2007 Ohio 2298, P33. In such a review, "'[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Haney*, Clermont App. No. CA2005-07-068, 2006 Ohio 3899, P14, quoting *State v. Tenace*, 109 Ohio St.3d 255, 2006 Ohio 2417, P37, 847 N.E.2d 386. Further, a reviewing court must give "full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L. Ed. 2d 560. A reviewing court must not substitute its evaluation of the witness' credibility for that of the jury. See *State v. Benge,* 75 Ohio St.3d 136, 143, 1996 Ohio 227, 661 N.E.2d 1019.

[*P17] The trial court convicted appellant of kidnapping under R.C. 2905.01(A)(3), which provides:

[*P18]  "(A) No person,  by force, threat, or deception, * * * shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following

purposes:

[*P19]  "* * *

[*P20]  "(3) To terrorize, or to inflict serious physical harm on the victim or another."

[*P21]  Appellant argues that the evidence was insufficient to establish that he purposely terrorized Leonard. As set forth above, kidnapping requires the culpable mental state of "purpose." See R.C. 2905.01(A); *State v. Parker*, Cuyahoga App. No. 90256, 2008 Ohio 3681, P38. A person acts purposely when "it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature." R.C. 2901.22(A). The Ohio Supreme Court has determined that, if difficult to prove with direct evidence, a defendant's mental state may be "inferred from the surrounding circumstances." *State v. Logan* (1979), 60 Ohio St.2d 126, 131, 397 N.E.2d 1345. The element "terrorize," although not defined by the Ohio Revised Code, has been defined "according to its common usage, i.e., 'to fill with terror or anxiety.'" *State v. Eggleston*, Lake App. No. 2008-L-047, 2008 Ohio 6880, fn.1, quoting *State v. Leasure*, Lucas App. No. L-02-1207, 2003 Ohio 3987, P47. *See, also, State v. McDougler*, Cuyahoga App. No. 86152, 2006 Ohio 100, P16.

[*P22]  The trial court heard Leonard's testimony that she was scared to death prior to getting into appellant's car. The police officer testified that Leonard appeared to be terrified, and was awe struck and crying at appellant's house. The court also heard the testimony of a witness who was down the street from Lakes' house at the time of the altercation. The witness testified to hearing "blood curdling screams." He further testified to hearing a male scream "[s]hut up, bitch. I'll cut you to pieces." A female then responded, "[n]o, no, no. Don't hurt me. I'll go with you." We find this evidence was sufficient to demonstrate that appellant forcibly removed Leonard from Lakes' house with the purpose to fill her with terror or anxiety, and therefore, the trial court did not err in concluding that the state proved the elements of kidnapping beyond a reasonable doubt.

*State v. Chasteen,* 2009 Ohio 1163, 2009 Ohio App. LEXIS 1010 (12th Dist. March 12, 2009).

Petitioner seems to believe the critical question is whether abduction is a lesser included

offense of kidnapping and cites a number of Ohio cases which hold that it is (Reply, Doc. No. 12,

PageID 315).  But contrary to Petitioner's analysis, the Butler County Court of Appeals did not hold

that abduction was not a lesser included offense.  Instead, it held

> [*P23]  In light of our determination that appellant's conviction was
> supported by sufficient evidence, we need not address the merits of
> appellant's claim that only a conviction for abduction, an alleged
> lesser included offense of kidnapping, was warranted. A charge on a
> lesser included offense is required "only where the evidence
> presented at trial would reasonably support both an acquittal on the
> crime charged and a conviction upon the lesser included offense."
> *State v. Thomas* (1988), 40 Ohio St.3d 213, 533 N.E.2d 286,
> paragraph two of the syllabus. In a bench trial such as the one in this
> case, whether or not the trial court considered a lesser included
> offense is irrelevant once the court determines that all essential
> elements of the greater offense have been proven. *See State v. Lloyd,*
> Warren App. Nos. CA2007-04-052, CA2007-04-053, 2008 Ohio
> 3383, P34, citing *State v. Johnson*, Mahoning App. No. 00 CA 131,
> 2001 Ohio 3506 at P48.

*State v. Chasteen, supra.*  Thus the relevant question is not whether the trial judge could have found

Petitioner guilty of abduction, but whether he was bound to because there was insufficient evidence

of purpose to terrorize.

There was sufficient evidence of purpose to terrorize.  Beyond the actual assault and death

threats at the time the kidnapping was initiated, there was testimony from the victim that Chasteen

drove at very high speeds from the place of the kidnapping to his own house, that he had a knife in

his lap the whole time, and that he screamed at her and accused her of burglarizing his house.  Ohio

law does not require, as Mr. Chasteen seems to assume, that the perpetrator of a kidnapping actually

inflict any additional harm after gaining control of his victim.  All that is required is that, when he

takes control, he has the purpose of terrorizing the victim.  The court of appeals' conclusion that

there was sufficient evidence of that purpose is not an objectively unreasonable application of

*Jackson v. Virginia.*


## Witness Intimidation


Petitioner also claims there is insufficience evidence to convict him of witness intimidation.

This claim was also presented on direct appeal and the court of appeals held:

> [*P25]  Assignment of Error No. 2:
>
> [*P26]  "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT CONVICTED HIM OF INTIMIDATION OF A WITNESS."
>
> [*P27]  In his second assignment of error, appellant challenges the sufficiency of the evidence presented by the state to support his conviction for intimidating Leonard.
>
> [*P28]  Intimidation of a crime victim or witness is defined by R.C. 2921.04(B), which provides, "[n]o person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges or an attorney or witness involved in a criminal action or proceeding in the discharge of the duties of the attorney or witness." A violation of division (B) of the statute is a felony of the third degree. R.C. 2921.04(D).
>
> [*P29]  Although appellant admits to telling Leonard that she needed to "make things right," he argues that a felony conviction was unsupported because he did not tell Leonard what might happen if she refused his request. According to appellant, there "simply was no proof" that he used force or an unlawful threat of harm, in part, because Leonard was several hundred miles away in Maine. Appellant argues that at most, he was guilty of violating division (A) of the statute, which provides that a person shall not knowingly "attempt to intimidate or hinder" a crime victim or witness. See R.C. 2921.04(A). A violation of division (A) constitutes a first-degree misdemeanor. R.C. 2921.04(D).
>
> [*P30]  Contrary to appellant's argument, the offense of intimidation "does not require that the actions of the speaker cause the victim to

believe the speaker would cause imminent physical harm. Rather, it is the unlawful threat of harm, and not actual harm, that serves as a basis for the offense of intimidation." *State v. Foster*, Cuyahoga App. No. 90109, 2008 Ohio 2933, P24. In *Foster*, the court of appeals determined that a conviction under division (B) of R.C. 2921.04 was supported by evidence that the defendant told the victim: "I will get you. I am going to get you back for this." Id. at P23. See, also, *State v. Butcher*, Ashtabula App. No. 2002-A-0059, 2003 Ohio 5537, P19 (concluding that a statement made to a victim to drop criminal charges "or else" was sufficient to support a felony witness intimidation charge).

 [*P31]  Leonard testified that appellant told her if she wanted "everything to be fine," she needed to tell the authorities that he did not kidnap her. She also testified that appellant stated that even if he could not "get to" her while she was in Maine, he could "get to" Lakes. According to Leonard, appellant tended to follow through with his threats. Construing this evidence in favor of the state, as we are required to do, we conclude that Leonard's testimony was sufficient to support appellant's felony conviction for intimidation. *Haney*, Clermont App. No. CA2005-07-068, 2006 Ohio 3899 at P14. Appellant's second assignment of error is therefore overruled.

*State v. Chasteen, supra.*

Chasteen does not separately argue this sub-claim in his Reply or his Supplemental Reply. Instead, he emphasizes that all evidence after the initial kidnapping depends on the victim's credibility.  However, police officers found the victim in his home in an apparently terrorized state. Judge Sage was thus not dependent only on her testimony about where he took her.

Mr. Chasteen also makes the claim in his Supplemental Reply that it was known at trial that he was intoxicated (Doc. No. 55, PageID 778) .  It is far too late to raise for the first time any claim that he was sufficiently intoxicated to negate any ability to form a purpose to kidnap and terrorize the victim.

**Ground Six**

-26-

In his Sixth Ground for Relief, Petitioner asserts that his conviction on both felony counts is against the manifest weight of the evidence.

Respondent asserts this claim is procedurally defaulted because it was not raised on direct appeal.  The Court need not reach that question because a manifest weight claim does not state a claim under the United States Constitution.  Put another way, the Constitution does not guarantee that a state criminal conviction be supported by the manifest weight of the evidence.

In *State v. Thompkins,* 78 Ohio St. 3d 380 (1997)*,* the Ohio Supreme Court reaffirmed the important distinction between appellate review for insufficiency of the evidence and review on the claim that the conviction is against the  manifest weight of the evidence.    It held:

> In essence, sufficiency is a test of adequacy.  Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148.  In addition, a conviction based on legally insufficient evidence constitutes a denial of due process.  *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.  Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence.  *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149.  Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.  It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them.  Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.)
>
> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony.  *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin*

> (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717,
> 720-721 ("The court, reviewing the entire record, weighs the
> evidence and all reasonable inferences, considers the credibility of
> witnesses and determines whether in resolving conflicts in the
> evidence, the jury clearly lost its way and created such a manifest
> miscarriage of justice that the conviction must be reversed and a new
> trial ordered. The discretionary power to grant a new trial should be
> exercised only in the exceptional case in which the evidence weighs
> heavily against the conviction.").

78 Ohio St. 3d at 387. In *State v. Martin*, 20 Ohio App. 3d 172 (Hamilton Cty. 1983)(cited

approvingly by the Supreme Court in *Thompkins*), Judge Robert Black contrasted the manifest

weight of the evidence claim:

> In considering the claim that the conviction was against the manifest
> weight of the evidence, the test is much broader. The court,
> reviewing the entire record, weighs the evidence and all reasonable
> inferences, considers the credibility of the witnesses and determines
> whether in resolving conflicts in the evidence, the jury clearly lost its
> way and created such a manifest miscarriage of justice that the
> conviction must be reversed and a new trial ordered.

485 N.E. 2d at 718, ¶3 of the syllabus.

Chasteen has cited no constitutional authority in support of this claim and none is known to

the Court. Ground Six should be dismissed for failure to state a claim upon which habeas corpus

relief can be granted.

## Ground Seven

As to Ground Seven, Petitioner argues that the Court should excuse any procedural default

of this claim because it would be a "fundamental miscarriage of justice" to refuse to hear it on the

merits (Supplemental Reply, Doc. No. 55, PageID 779).

The Magistrate Judge refused to permit supplementation of the Petition with this Ground for Relief except as it relates to alleged prosecutorial misconduct for offering "other acts" evidence (See Doc. No. 41).

As to that partial claim, it is without merit. For the reasons given above with respect to Ground Two, the prosecutor had a good faith basis for suggesting that evidence of prior conduct between Chasteen and the victim was relevant. Therefore there was no prosecutorial misconduct in offering that evidence.

## Conclusion

In accordance with the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify that any appeal would not be in objective good faith.

January 17, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections

to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).